Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH P. DONOVAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ALLIANCE ELECTRIC COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

**Workmen's Compensation Law — accidental injury — sleeping sickness following blow on head does not result from injury — purpose and theory of Workmen's Compensation Law.**

An employee who sustained a blow on his head and subsequently developed sleeping sickness is not entitled to an award for the disease, which is infectious and not the result of trauma, where the finding of the State Industrial Commission that the sleeping sickness was " caused or activated by the injury received while engaged in the regular course of employment," is without support in the evidence.

The purpose of the Workmen's Compensation Law, sanctioned by the amendment of the Constitution, was to provide compensation for industrial accidents; for accidents inherent in the modern system of production, and not for the pensioning of those who suffer from disease not caused by such accidents.

The theory of the Workmen's Compensation Law is that the accidents of an industry are proper overhead charges, and the effort of the Commission to enlarge the scope of the statute and to impose the burden of infectious disease upon the industrial life of the State ought not to receive the sanction of the court.

JOHN M. KELLOGG, P. J., and KILEY, J., dissent.

APPEAL by the defendants, Alliance Electric Company and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 23d day of June, 1920.

The matter was remitted to the Commission after the reversal of a former award. (See 191 App. Div. 303.)

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WOODWARD, J.:

I am unable to find evidence justifying the conclusion that a man whose head was bumped, and who subsequently developed sleeping sickness, is entitled to compensation for such sickness. Whatever disability resulted from the injury to the head is, of course, compensable, but neither the Constitution of this State, amended to permit of the Workmen's Compensation Law, nor the statute. contemplates payment for diseases which are not the natural and unavoidable result of accidental injuries, as defined by subdivision 7 of section 3 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705). The Constitution (Art. 1, § 19) provides that nothing shall prevent the Legislature from providing " compensation for injuries to employees or for death of employees resulting from such injuries," making no mention of disease, and the statute provides (§ 3, subd. 7) that injuries " mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." The wholly undisputed testimony of Dr. Kennedy is to the effect that sleeping sickness is the result of an infectious disease, and that it is in nowise the result of trauma, and the finding of the Commission, that the sleeping sickness was " caused or activated by the injury received while engaged in the regular course of his employment," is without support in the evidence. Dr. Kennedy's testimony is that sleeping sickness is not the result of trauma, but of infection; that the fact that the claimant developed sleeping sickness following the bump upon his head is merely a coincidence, and the finding of the Commission is not that the disease was caused by the accident, but is in the disjunctive, that it was " caused or activated by the injury." Of course, this is not a finding that it was " such disease or infection as may naturally and unavoidably result " from the injury; it is not a finding that it was the cause of the disease at all. It is merely a finding that it caused or activated an infectious disease, and is not a finding of either of these alleged results. It is generally understood that an infection does not result from a mere bump in any event. Dr. Kennedy is very definite in his testimony that traumatism is not involved in sleeping sickness, so that the finding that the claimant is

afflicted with sleeping sickness, caused or activated by the bumping of his head, is not only unsupported by the evidence, but it fails to establish that there is " such disease or infection as may naturally and unavoidably " result from the accident which concededly befell the claimant. Sleeping sickness according to the testimony in the record is not a natural result of the bump which the claimant received; no evidence is elicited that it could even activate an infection already existing. It is " only   *   *   *   such disease or infection as may naturally and unavoidably result " from the accident that is contemplated, and we have no right to extend the statute to cases not within the language of the law.

The claimant is suffering from a disease which comes to a considerable number of people. It is comparatively little known, but recent experience has demonstrated, according to Dr. Kennedy, that it is entirely apart from traumatism, and the alleged fact that this claimant never had any previous illness is not evidence that he would not have had sleeping sickness if this accident had never happened. The purpose of the statute, as sanctioned by the amendment of the Constitution, was to provide compensation for industrial accidents; for accidents inherent in the modern system of production, and not for the pensioning of those who suffered from disease not caused by such accidents. The theory of the law is that the accidents of an industry are proper overhead charges (Const. art. 1, § 19), and the effort of the Commission to enlarge the scope of the statute and to impose the burden of infectious disease upon the industrial life of the State ought not to receive the sanction of this court.

The award should be reversed, and the Commission be directed to compensate the claimant for the injuries to his head, not for the disease which is not shown to have resulted from the injury.

All concur, except John M. Kellogg, P. J., and Kiley, J., dissenting.

Award reversed and matter remitted to the Commission for action as per opinion.